## Riley v. Campbell

*M. B. Elwert,* for plaintiff.
*Edward D. Mitchell,* for defendant.

SMITH, P. J., July 26, 1938.—The magistrate, after hearing, entered judgment in favor of plaintiff and

against defendant, on June 13, 1938, in the sum of $300, plus costs of $6.50; on June 21, 1938, defendant filed her affidavit accompanying writ of certiorari; on June 22, 1938, this court endorsed on said affidavit that upon the entry of a bond for $200, said bond should act as a supersedeas; on July 6, 1938, defendant filed her exceptions to the magistrate's return, and on the same date, July 6, 1938, plaintiff filed his petition and rule to show cause why writ of certiorari should not be quashed or stricken off.

Defendant swore to her affidavit before a notary public, whereas the acts of assembly provide that such affidavit is to be sworn to before the prothonotary, a judge, or the magistrate who heard the case.

Defendant has averred facts attacking the jurisdiction of the magistrate and other facts which may prove that a fraud or trick has been practiced upon her by plaintiff. In Lacock v. White, 19 Pa. 495, it was decided that where a justice of the peace has no jurisdiction either of the parties or of the subject matter a judgment entered will be reversed on certiorari even though the time for taking the certiorari has expired; and in the same case it was stated that a judgment obtained by trick or fraud ought to be reversed.

Defendant was diligent in filing her affidavit but made the mistake of swearing to the same before an improper officer to take such affidavit. We feel, in justice, because of the averments contained in the pleadings, that this matter should be decided on certiorari and that defendant should be permitted to file her affidavit nunc pro tunc as of June 21, 1938, sworn to before the proper officer.

### Order

And now, to wit, July 26, 1938, defendant is permitted to file her affidavit accompanying the writ of certiorari, nunc pro tunc as of June 21, 1938, sworn to before the proper officer empowered to take such affidavit; and the rule to quash the writ of certiorari is discharged.